UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
REAGAN EMILIO SANCHEZ ATZ,

               Petitioner,

       v.                                     **ORDER TO SHOW CAUSE**
                                              26-cv-00214-OEM

KRISTI NOEM, in her official capacity as
Secretary of the U.S. DEPARTMENT OF
HOMELAND SECURITY; TODD LYONS in his official
capacity as Acting Director of U.S. IMMIGRATION
AND CUSTOMS ENFORCEMENT; KENNETH
GENALO, in his official capacity as Field Office Director
of Enforcement and Removal Operations of the New York
Office of U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT; PAMELA BONDI, in her official
Capacity as U.S. ATTORNEY GENERAL;
RAUL MALDONADO, in his official capacity as
Warden of the Metropolitan Detention
Center,
               Respondents.
-----------------------------------------------------------x

ORELIA E. MERCHANT, United States District Judge:

Upon consideration of Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Dkt. 1 (the "Verified Petition"), IT IS HEREBY ORDERED that:

1. Petitioner shall cause a copy of this order and the Verified Petition to be served on Respondent by **January 15, 2026**;

2. Petitioner shall file proof of service on the docket by **January 16, 2026**;

3. Respondents are ORDERED to file a return to the order to show cause why the Verified Petition should not be granted by **January 20, 2026**, *see* 28 U.S.C. § 2243;

4. The parties are further ORDERED to appear before this Court for a hearing on the Verified Petition on **January 23, 2026, at 10:30 a.m.** in Courtroom 6C South before Judge Orelia E. Merchant.

5. Moreover, to preserve the Court's jurisdiction pending a ruling on the Verified Petition, Petitioner shall not be removed from the Eastern District of New York until further order of this Court. *M.K. v. Joyce*, 25-cv-01935-JMF, 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) ("To preserve the Court's jurisdiction pending a ruling on the petition, Petitioner shall not be removed from the United States unless and until the Court orders otherwise.");

*see Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, 'the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction.'" (alteration in original) (quoting *United States v. Int'l Bhd. of Teamsters*, 907 F.2d 277, 281 (2d Cir. 1990))); *Garcia-Izquierdo v. Gartner*, 04 Civ. 7377(RCC), 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) ("Under the All Writs Act, 28 U.S.C. § 1651, the Court may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case."); *cf. Michael v. I.N.S.*, 48 F.3d 657, 661-62 (2d Cir. 1995) (holding that the All Writs Act provides a federal court of appeals reviewing a final removal order with a basis to stay removal).

SO ORDERED.

                                                             /s/
                                           ORELIA E. MERCHANT
                                           United States District Judge

Dated: Brooklyn, New York
       January 15, 2026